UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEVIN OSWALDO CORREIA BETANCOURT,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility, et al.,<br><br>Respondents. | \*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*   Civil Action No. 1:26-cv-11503-IT<br>\*<br>\*<br>\*<br>\*<br>\*<br>\* |

MEMORANDUM & ORDER

April 8, 2026

TALWANI, D.J.

Petitioner Kevin Oswaldo Correia Betancourt, a citizen of Venezuela, entered the United States without inspection in or around July 2024. Pet. ¶¶ 6–7, 15 [Doc. No. 1]. At the time of entry, U.S. Customs & Border Patrol detained Petitioner and paroled him into the United States. Id. ¶ 7. Petitioner has since resided in Massachusetts. Id. ¶ 6.

In February 2026, U.S. Immigration and Customs Enforcement ("ICE") agents "and/or other federal agents acting on ICE's behalf" detained Petitioner in Burlington, Massachusetts. Id. ¶ 8. He is presently in custody at the Plymouth County Correctional Facility in Plymouth, Massachusetts. Id. ¶ 8.

Petitioner reports that, at a custody redetermination hearing (the "bond hearing") conducted on an unknown date, an Immigration Judge "denied [Petitioner] bond . . . [stating that] 'The Immigration Court lacks jurisdiction over the custody redetermination hearing pursuant to INA 235(b)(2).'" Id. Petitioner also asserts that he has "a pending asylum application." Id. ¶ 15.

1

On March 30, 2026, Petitioner filed a Petition for Writ of Habeas Corpus [Doc. No. 1], in which he seeks either immediate release or "in the alternative . . . an individualized bond hearing before an Immigration Judge on danger to the community and flight risk under 8 U.S.C. § 1226(a) and Hernandez-Lara [v. Lyons, 10 F.4th 19 (1st Cir. 2021)]." Id. at 4 ¶ 6(b). As grounds, Petitioner asserts that (1) his detention violates his right to due process under the Fifth Amendment to the United States Constitution; and (2) as a member of the class certified by another session of this court in Guerrero Orellana v. Moniz, No. 25-cv-12664-PBS (D. Mass.), Petitioner is subject to detention under 8 U.S.C. § 1226(a), rather than under 8 U.S.C. § 1225(b)(2), and is entitled to a bond hearing. See Pet. ¶¶ 17–22. [Doc. No. 1].

In their abbreviated Response [Doc. No. 8], Respondents

submit that the legal issues presented in this Petitioner are similar to those recently addressed by this Court in Doe v. Moniz[, 800 F. Supp. 3d 203 (D. Mass. 2025)]; Escobar v. Hyde, No. 25-cv-12620-IT, 2025 WL 2823324 (D. Mass. Oct. 3, 2025); Da Silva v. Hyde, 25-cv-12638-IT (D. Mass. Oct. 7, 2025); Venancio v. Hyde, No. 25-cv-12616-IT (D. Mass. Oct. 9, 2025); and Caguana-Caguana v. Moniz, No. 25-cv-13142-IT, 2025 WL 317043 (D. Mass. Nov. 13, 2025).

Id. at 1. Respondents thus acknowledge that, "[s]hould the Court follow its reasoning in Doe, Escobar, Da Silva, Venancio, and Caguana–Caguana, it would reach the same result here." Id.[1]

As to Petitioner's due process argument, the court finds that a protected liberty interest arose when Respondents released Petitioner on parole after he entered the United States in or around July 2024. See Morrissey v. Brewer, 408 U.S. 471, 481–82 (1982) (acknowledging parolee's interest "in his continued liberty"). Upon his release from detention in 2024, Petitioner

---

[1] In a footnote, Respondents argue that, in the alternative, "the Court should dismiss this Petition because Petitioner appears to be a member of the class certified in Guerrero Orellana v. Moniz, Civil Action No. 25-cv-12664-PBS, 2025 WL 3687757, at *10 (D. Mass. Dec. 19, 2025)[,]" although Respondents "recognize that this argument was rejected by the Guerrero Orellana court in its order granting class certification [on October 30, 2025]." Id. at 2 n.1.

2

had a reasonable expectation that "he would be entitled to retain his liberty and remain out of immigration custody." Roldan Roldan v. Moniz, No. 26-cv-100017-IT, 2026 WL 161552, at *2 (D. Mass. Jan. 21, 2026) (citing Perry v. Sindermann, 408 U.S. 593, 601–03 (1972)). Petitioner's liberty interest is thus "valuable" and "must be seen as within the protection of" due process, Morrissey, 408 U.S. at 482, the guarantee of which extends under the Fifth Amendment to all persons in the United States, regardless of status, see A.A.R.P. v. Trump, 605 U.S. 91, 94 (2025).

In Roldan Roldan, this court faced a similar set of facts and assertion of due process protection. There, the petitioner, an Ecuadorian national, was apprehended at the border, found to be inadmissible, and, after the U.S. Department of Homeland Security determined that he presented a credible fear of return to Ecuador, released on parole in August 2024. See 2026 WL 161552, at *1. Petitioner's parole term ended in August 2025, and ICE detained him in January 2026. Id. Petitioner did not receive a bond hearing and sought habeas relief. Id.

Upon analyzing the due process factors identified in Mathews v. Eldridge, 424 U.S. 319, 334–35 (1976), the court determined that "the Mathews factors weigh[ed] in favor of relief, that Petitioner's detention without a bond hearing violates his due-process rights, and that a bond hearing is an appropriate and minimally invasive procedure to ensure that right." Roldan Roldan, 2026 WL 161552, at *3. The court finds that Roldan Roldan's due process analysis remains correct and, based on the record before the court, is equally applicable to Petitioner.

In light of the foregoing discussion, and where Respondents argue no other basis on which the court should deny the Petition [Doc. No. 1], the Petition [Doc. No. 1] is GRANTED as follows:

No later than April 15, 2026, Petitioner must be provided a bond hearing or, if the immigration judge declines to conduct a bond hearing, Respondents shall so advise the court by

that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing shall set forth the reasons for the continued detention.

Respondents shall file a status report in this matter no later than April 17, 2026.

IT IS SO ORDERED.

April 8, 2026                                             /s/ Indira Talwani
                                                         United States District Judge